IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANDREW HUTCHINSON AND
JESSICA HUTCHNSON, INDIVIDUALLY
AND AS PARTENTS AND NATURAL
GUARDIANS OF R.H. A MINOR CHILD                              PLAINTIFFS

V.                           NO. 4:19CV00749 JMM

UNITED STATES OF AMERICA                                     DEFENDANT

## ORDER

Pending is the Defendant's motion to dismiss for lack of subject matter jurisdiction, docket # 19. Plaintiffs have filed a response and the government has filed a reply.

Brief Facts

Plaintiffs Andrew and Jessica Hutchinson, individually and as the parents and natural guardians of their child, R.H., a minor, filed this action under the Federal Tort Claims Act ("FTCA") for injuries sustained by R.H. when a soccer goal fell on him at the Little Rock Air Force Base. Plaintiffs claim that the United States failed to warn them about the risk of injury from the soccer goal if climbed on and failed to guard against that risk by anchoring the goal. The government contends it is entitled to dismissal under the FTCA's discretionary function exception and the Arkansas Recreational Use Statute.

The Undisputed Facts are as Follows:

On April 22, 2017, Major Andrew Hutchinson, then active in the United States Air Force, took his children out to play soccer on the Warfit athletic field at the Little Rock Air Force Base. The Warfit field is an athletic field located inside the Base used for football, soccer, running track and recreation. On this date, two portable soccer goals, each upright, were located on the

field. While playing soccer, one of the children kicked the ball past the goal. Major Hutchinson ran to retrieve the ball and as he turned around, he saw the goal fall forward onto R.H. R.H. who was three years old at the time, suffered catastrophic injuries from the accident. The goal that fell on R.H. was not anchored or secured to the ground and there were no warnings posted advising users of the risk of injury from the soccer goal if climbed on or requiring that the goal be anchored.

Standard of Review

The Court must analyze this issue as provided under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Motions under 12(b)(1) may assert either a "facial" or "factual" attack on jurisdiction. Where a party brings a factual attack, unlike the analysis under Rule 12(b)(6), Rule 12(b)(1) allows the Court to consider matter outside of the pleadings.

> [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)(quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The party invoking federal jurisdiction has the burden of proving the jurisdictional facts by the preponderance of the evidence. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007)

Discussion

The United States is immune from suit unless it consents to be sued. *Hart v. United*

*States*, 630 F. 3d 1085, 1088 (8th Cir. 2011).  The Federal Tort Claims Act ("FTCA") generally waives the federal government's sovereign immunity for certain torts committed by government employees.  28 U.S.C. §1346(b).  The Act allows suits against the United States in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)(quoting 28 U.S.C. §1346(b)).

The government argues that the Court lacks subject matter jurisdiction.  First, the government contends that the alleged conduct falls within the discretionary function exception to the FTCA because there was no federal directive that required a warning about dangers associated with climbing on the goal or a requirement to anchor the goal.  Second, the government argues that even if the discretionary function exception did not apply, the Arkansas Recreational Use Statute ("ARUS") precludes recovery because under Arkansas law, the ARUS prohibits recovery against a landowner on behalf of persons entering the land for recreational use.  Ark. Code Ann. §§18-11-301-07.

The Court will consider the government's argument based upon the ARUS first.  The FTCA removes immunity otherwise protecting the United States from suit only in circumstances where a private person would be liable to the complaining party.  The Court must then determine whether the ARUS would afford a private party immunity from the Hutchinsons' claims. The government is "entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of Defendant . . . as well as any other defenses to which Defendant is entitled." *Wilson v. United States*, 989 F. 2d 953, 956 (8th Cir. 1993)( finding that the United States is entitled to the benefit of state recreational

use statutes, if applicable, when it is sued under the Federal Tort Claims Act).

The Arkansas Recreational Use Statute provides:

Except as specifically recognized by or provided in § 18-11-307, an owner of land who, either directly or indirectly, invites or permits without charge any person to use his or her property for recreational purposes does not thereby:

(1)   Extend any assurance that the lands or premises are safe for any purpose;

(2)   Confer upon the person the legal status of an invitee or licensee to whom a duty of care is owed;

(3)   Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons; or

(4)   Assume responsibility for or incur liability for injury to the person or property caused by any natural or artificial condition, structure, or personal property on the land.

Ark. Code Ann. §18-11-305. "The purpose of [the ARUS] is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes.". *Moss v. United States*, 895 F.3d 1091, 1098 (8th Cir. 2018) (quoting Ark. Code. Ann. § 18-11-301 (2016)).  As set forth in the statute, there are exceptions to the immunity provided in the ARUS.  Pursuant to Ark. Code Ann §18-11-307 no immunity from liability exists: (1) "For malicious, but not mere negligent, failure to guard or warn against an ultra-hazardous condition . . . actually known to the owner to be dangerous;" and (2) "For injury suffered in any case in which the owner of land charges the person or persons who enter or go on the land for the recreational use. . . . "  Plaintiffs do not argue that either statutory exception applies. Instead, Plaintiffs argue that the ARUS does not apply because the Warfit Field is not available to the public and the Plaintiffs did not enter the land for recreational purposes.  Additionally, Plaintiffs argue that the Arkansas Soccer Goal

4

Safety Act operates as an exception to the Recreational Use Statute.

The Air Force is the owner of the Warfit field which was available to patrons for recreational use. The field is located on the grounds of the Little Rock Air Force Base which restricts access to enter the facility. (ECF No. 24-1, ¶5). Plaintiffs argue that the Warfit field is not available to the public as required for the protection afforded by the ARUS because access is restricted by the Air Force. Courts have repeatedly rejected this argument. See *Palmer v. United States*, 742 F. Supp. 1068, 1072 (D. Haw. 1990), *aff'd,* 945 F.2d 1134 (9th Cir. 1991) (holding the Hawaii Recreational Use Statute applies to military property even though they may be closed to the general public), ); *Budde v. United States,* 797 F.Supp. 731, 735 (N.D.Iowa 1991) (rejecting the argument that the swimming pool at the officers' club was a "private club" because it was only open to officers, their immediate families, and certain high-ranking civilians); *Scott v. United States*, 2011 WL 5881594 (D. RI. 2011) ( applying the Rhode Island Recreational Use Statute where injuries were suffered at the Officers' Club located on a restricted naval base); and, *Howard v. United States*, 181 F.3d 1064,1071 (9th Cir, 1999) (holding "[t]he Government can exercise such control and discretion over who uses it land for recreational purposes without forfeiting the immunity that the HRUS provides."). In *Stout v. United States*, 696 F Supp 538 (D. Haw. 1987) the court explained:

> [A] landowner can control who uses his land for recreational purposes. Such discretion should not result in the forfeiture of the immunity that the [recreational use] statute provides. Otherwise the whole purpose of the statute would be defeated because no one would allow anyone on their land if they had to allow everyone.

*Id.* at 539. Further, the Eighth Circuit has ruled that "the United States is entitled to the benefit of state recreational use statutes, if applicable, when it is sued under the Federal Tort Claims

5

Act." *Wilson v. United States,* 989 F.2d 953, 956-57 (8th Cir. 1993). Accordingly, unless an exception applies, the United States would be immune from liability pursuant to the ARUS.

Plaintiffs also argue that they do not qualify as "persons" under the ARUS. Although the statute defines "person" to include groups such as "Young Men's Christian Association, Young Women's Christian Association, Boy Scouts of America, Girl Scouts of the United States of America, Boys and Girls Clubs of America . . . ," it does not limit the definition to exclude individuals. Ark. Code Ann. § 18-11-302. And, the Eighth Circuit has applied the ARUS to individuals, such as campers in a FTCA claim against the United States. *Moss v. United States*, 895 F.3d 1091 (8th Cir. 2018).

Plaintiffs argue that because they resided on the Air Force Base, the very property upon which the injury occurred, the ARUS should not apply. However, courts have applied recreational use statutes to injuries suffered by family members residing on a military base. See, *Stout v. United States*, 696 F Supp. 538 (D, Haw. 1987)( Hawaii recreation use statute precluded government liability for injuries suffered by a child of an enlisted person), *Budde v. United States*, 797 F.Supp 731 (N.D.Iowa 1991)(applying the Hawaii recreational use statue where the wife of an officer in the naval reserve suffered injuries at the officer's club pool located on the Naval Air Station in Barbers Point Hawaii where she was residing with her husband).

Plaintiffs contend that the Arkansas Soccer Goal Safety statute, abrogates the recreational use statute. Ark Code Ann. § 20-7-137. The Arkansas Soccer Goal Safety statute requires that soccer goals located in public recreation areas be anchored according to the Guidelines for Movable Soccer Goal Safety. However, the statute does not provide a private right of action. At most, a violation of the statute could be evidence of negligence. As previously set forth, the

ARUS specifically immunizes a landowner from liability for negligence to individuals he permits to use his land for recreational purposes.

Finally, Plaintiffs argue that the United States waived the defense based on the ARUS by failing to plead the defense in its answer. The applicability of the ARUS affects the subject matter jurisdiction of this Court and the existence or absence of subject matter jurisdiction cannot be waived.

Because a private landowner would be immune under the ARUS, there is no jurisdiction under the FTCA for plaintiffs' claims against the United States. The Court will not consider whether the Hutchinson's claims are also barred by the FTCA discretionary function exception.

For the reasons stated above, the government's motion to dismiss for lack of subject matter jurisdiction is GRANTED. All remaining motions will be denied as moot.

IT IS SO ORDERED this 30th day of March, 2022.

_____
James M. Moody Jr.
United States District Judge